# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | |
|---|---|
| PHOENIX ENTERTAINMENT PARTNERS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>DANNY LEES PLACE, LLC,<br><br>     Defendant. | Case No.: 4:15-cv-2653-MGL<br><br>**ORDER, JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT DANNY LEES PLACE, LLC** |

This matter is before the Court upon the Motion of Plaintiff, Phoenix Entertainment Partners, LLC (hereinafter "PEP"), pursuant to Fed. R. Civ. P. 55(b)(2), for a judgment by default against Defendant Danny Lees Place, LLC (hereinafter "Defendant"). Based upon a review of the evidence before the Court, the Court makes the following:

## FINDINGS OF FACT

1. On July 2, 2015, PEP commenced this lawsuit against Defendant alleging trademark infringement involving counterfeiting, unfair competition and a violation of South Carolina's Unfair Trade Practices Act.

2. On July 21, 2015, Defendant was duly served with the Complaint and a Summons issued by the Clerk.

3. Defendant failed to answer or other response to the Complaint within the time required by Fed. R. Civ. P. 12.

4. At all times relevant to this action, PEP was the owner of U.S. Trademark Registration Nos. 1,923,448 and 4,099,045, both for the word mark SOUND CHOICE®, and of

1

U.S. Trademark Registration Nos. 2,000,725 and 4,099,052, both for the design mark SOUND CHOICE & Design® (the "Marks").

5. PEP consistently used the ® symbol to denote the registration of the Marks and thereby to give notice to the public that the Marks are federally registered.

6. Defendant has copied, shared, distributed, and/or sold copies of the accompaniment tracks or karaoke songs marked with the Marks via hard drives, USB drives, CD-Rs, or the Internet.

7. Defendant has used a reproduction, counterfeit, or copy of the Marks in connection with providing karaoke services, by displaying that reproduction, counterfeit, or copy during the provision of its services.

8. Defendant did not have a license to create digitized copies of PEP's karaoke discs or of the karaoke music tracks contained thereon.

9. An unauthorized digitized copy of PEP's karaoke discs or karaoke music tracks is a counterfeit.

10. Defendant did not have a license to use counterfeit tracks in connection with its provision of karaoke services.

11. Defendant's unauthorized use of counterfeits of the Marks is likely to cause consumer confusion by deceiving Defendant's customers and patrons into believing that Defendant's services are being provided with PEP's authorization.

12. Defendant's actions were willful and knowing.

13. Defendant was notified by PEP of its infringing activities multiple times during the course of this action, but nevertheless continued to infringe in the same manner as before.

14. Defendant benefits financially from the karaoke shows performed at its establishment, and particularly through the use of counterfeit goods bearing the Marks, through increased patronage and revenues and reduced costs.

15. PEP has been harmed by Defendant's infringing activities and will continue to be harmed if Defendant is not enjoined from further infringement.

16. PEP has elected to receive an award of statutory damages from Defendant.

Based upon the foregoing facts, the Court makes the following:

## **CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the subject matter of this action as it arises under an act of Congress relating to trademarks, particularly including federally registered trademarks.

2. This Court has personal jurisdiction over the parties, and venue is proper in this judicial district.

3. By virtue of Defendant's default, the allegations pled in the Complaint are deemed to have been admitted by Defendant.

4. By using counterfeit materials bearing the Marks to put on karaoke shows and by displaying the Marks during the course of those shows at Defendant's establishment, Defendant has committed acts that are likely to cause confusion among consumers of its services as to authorization, sponsorship, and affiliation of its services by or with PEP.  In particular, customers and/or patrons who visit Defendant's establishment are likely to be deceived into believing that the karaoke services are being provided with PEP's authorization.

5. Defendant derived a direct financial benefit from the use of the infringing materials.

3

6. Consequently, Defendant's activities constitute trademark infringement involving counterfeiting.

7. Defendant's infringement was willful and knowing.

8. PEP is entitled to a damage award for infringement of its registered trademarks in an amount between $1,000.00 and $2,000,000.00 per mark, as the Court may determine.

9. The Court finds that an award of $50,000.00 is supported by the evidence of record and will be sufficient to compensate PEP for its losses and to deter others from engaging in similar conduct.

10. As the prevailing party in this matter involving willful and deliberate infringement by Defendant, PEP is also entitled to attorneys' fees and costs in the amount of $3,524.00. The Court finds that the sum of $3,524.00 is reasonable and appropriate.

11. PEP is entitled to a permanent injunction against Defendant's acts of infringement of its trademarks.

12. Defendant's karaoke equipment and materials are also subject to destruction pursuant to 15 U.S.C. § 1118.

## JUDGMENT AND PERMANENT INJUNCTION

Accordingly, it is ORDERED, ADJUDGED, and DECREED as follows:

1. Judgment by default is hereby entered in favor of PEP against Defendant Danny Lees Place, LLC.

2. Pursuant to 15 U.S.C. § 1117, Defendant is hereby ordered to pay the sum of $53,524.00 to PEP, with accrual of interest from the date of entry of this judgment until paid at the legal rate, pursuant to 28 U.S.C. § 1961.

3.      Defendant and its agents, employees, and all persons in active concert or participation with them and having knowledge of this Order are hereby permanently ENJOINED:

(a)     from using or displaying (including making, copying, sharing, distributing, selling, or otherwise using, and particularly including use to provide karaoke services), commercially or otherwise, any karaoke accompaniment track that is marked with either the mark in U.S. Trademark Registration Nos. 1,923,448 and 4,099,045, both for the word trademark SOUND CHOICE®, or the mark in U.S. Trademark Registration Nos. 2,000,725 and 4,099,052, both for the design trademark SOUND CHOICE & Design®, without the prior, express written permission of PEP or its successor-in-interest, if any, to the ownership of those marks or in any manner that is inconsistent with the following media-shifting policy established by PEP:

(i)     The karaoke host must purchase one authorized copy of each Sound Choice karaoke track on an authorized, original medium (CD) for each alternative medium (such as a hard drive) to which the host wishes to shift the content.

(ii)    If a track is shifted to another medium, the entire track must be shifted (i.e., no "chopping").

(iii)   The karaoke host must maintain ownership and possession of both the authorized original medium and the alternative medium during the entire time in which the content has been shifted to the alternative medium.

(iv)    The karaoke host must not use the authorized original medium to produce a karaoke show or for any other commercial purpose (including shifting the content to another alternative medium) during the time in which the content has been shifted to the alternative medium.

5

(v)     If the karaoke host discontinues possession of either the authorized original medium or the alternative medium, the associated tracks must be removed from the alternative medium.

(vi)    The karaoke host notifies PEP that the karaoke host intends to conduct or has conducted a media-shift or format-shift, and submits to a verification of adherence to PEP's policy; and

(b)     from making, copying, sharing, distributing, selling, or otherwise using digitized copies of karaoke accompaniment tracks, commercially or otherwise, which tracks are marked with any mark or other designation belong to any person from whom the Defendant has not obtained written authorization from the owner thereof to make, copy, share, distribute, sell, or otherwise use the digitized copy.

4.     Defendant shall deliver to the Court all of its karaoke equipment and materials, including, without limitation, any of Defendant's hard drives and other media containing unauthorized counterfeits of the Marks, for destruction within 30 days of the date of entry of this Order. Should Defendant fail to comply with said directive, the U.S. Marshals are authorized to seize and destroy Defendant's karaoke equipment and materials subject to this Order.

5.     This Court retains jurisdiction over this matter for purposes of enforcement of this Order.

**IT IS SO ORDERED.**


July 19, 2016                                  s/Mary Geiger Lewis
Columbia, South Carolina                       MARY GEIGER LEWIS
                                               UNITED STATE DISTRICT JUDGE

6